```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :     ORDER OF FORFEITURE
                                     :
         -v.-                        :     S1 09 Cr. 662 (PAC)
                                     :
ADAM HERRINGTON,                     :
     a/k/a "Adam Rukdeschel,"        :
                                     :
         Defendant.                  :
- - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 14, 2010, ADAM HERRINGTON a/k/a "Adam Rukdeschel," (the "defendant"), was charged in a four-count Indictment, 09 Cr. 662 (PAC) (the "Indictment"), with conspiracy to commit securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 371 (Count One); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 2 (Count Two); wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Three); and mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment;

        WHEREAS, on or about July 26, 2011, the jury returned a guilty verdict against the defendant as to Counts One through Four of the Indictment;

WHEREAS, the defendant was sentenced on or about May 4, 2012;

WHEREAS, the Court has determined that the defendant obtained $~~50,000,~~000 [20,000,000 handwritten] in proceeds as a result of the offenses alleged in Counts One through Four of the Indictment, and is therefore liable for a criminal forfeiture money judgment in such amount, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;"

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Four of the Indictment, of which the defendant has been convicted, a money judgment in the amount of $~~50,000,000~~ [29,000,000 handwritten] in United States currency (the "Money Judgment") shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, this Order is final as to the defendant, ADAM HERRINGTON a/k/a "Adam Rukdeschel," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment

shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief of the Asset Forfeiture Unit, United States

Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

    8.    The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

SO ORDERED:

_____       _____
HONORABLE PAUL A. CROTTY                        DATE
UNITED STATES DISTRICT JUDGE